UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VU LOC NGUYEN,                                     )
        Petitioner,                            )
                                     )       No. 1:26-cv-1406
v.                                                 )
                                     )
                                     )       Honorable Paul L. Maloney
MICHAEL FARMER, *et al.*,                          )
        Respondents.                           )
                                     )

## <u>ORDER GRANTING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER</u>

This matter comes before the Court on Petitioner's motion for a temporary restraining order ("TRO"). (ECF No. 2). Petitioner represents that despite being released from custody by a prior court order, he was once more detained and transferred out of the district to a facility where he faces the imminent risk of removal to a third country. None of this is consistent with constitutional limitations on the government's authority or with the prior court order. Due to the imminence of the likely harm, it is not possible for the Court to wait to hear Respondent's position. Petitioner's motion will thus be granted.

**I.**

District courts may issue TROs at their discretion. *See Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008). Under Rule 65, courts may issue TROs without notice to the adverse party only if two conditions are met. Fed. R. Civ. P. 65(b)(1). First, the moving party must establish specific facts through an affidavit or a verified complaint showing that an immediate and irreparable injury will result to the moving party before the adverse

party can be heard in opposition to the motion. Fed. R. Civ. P. 65(b)(1)(A). Second, counsel for the moving party must certify in writing any efforts made to give notice and the reasons why notice should not be required. Fed. R. Civ. P. 65(b)(1)(B). In addition, courts must consider each of four factors: (1) whether the moving party demonstrates a strong likelihood of success on the merits; (2) whether the moving party would suffer irreparable injury without the order; (3) whether the order would cause substantial harm to others; and (4) whether the public interest would be served by the order. *Ohio Republican Party*, 543 F.3d at 361 (quoting *Ne. Ohio Coal. for the Homeless v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006)). The four factors "are not prerequisites that must be met, but are interrelated concerns that must be balanced together." *Ne. Ohio Coal.*, 467 F.3d at 1009.

## II.

On February 26, 2026, the United States District Court for the Western District of Washington ordered Petitioner released from custody because there was no significant probability of his removal in the reasonably foreseeable future. (ECF No. 1-2 at PageID.30); *see Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). He was released subject to reasonable conditions of supervision. Additionally, the court ordered that he not be removed to any country other than Vietnam without prior written notice and a meaningful opportunity to respond in a removal proceeding before an immigration judge. (ECF No. 1-2 at PageID.30). Petitioner was detained again in Michigan on April 28, 2026. The government failed to satisfy "any condition precedent required by the prior federal order, the governing post-order custody regulations, due process, or the conditions of supervision on which his release rested," (ECF No. 1 at PageID.2), and "did not identify any material change in circumstances

2

making removal to Vietnam significantly likely in the reasonably foreseeable future," (*id.* at PageID.6). Petitioner was held at the Calhoun County Correctional Facility. Petitioner filed a motion for a temporary restraining order on April 30, 2026. Later that day, Petitioner was transferred to a facility in Louisiana. (ECF No. 6 at PageID.53). Petitioner represents that this indicates the possibility of imminent attempted removal to a third country.

On this record, it appears that Petitioner is likely to succeed on the merits. When noncitizens are released from custody on the basis that their removal is not reasonably foreseeable, they may be detained again only upon a showing that the relevant circumstances have changed such that their removal is now reasonably foreseeable. *See Kong v. United States*, 62 F.4th 608, 620 n.12 (1st Cir. 2023); *Karki v. Raycraft*, No. 2:25-cv-13186, 2025 WL 3516782, at *7 (E.D. Mich. Dec. 8, 2025). Petitioner represents that the government has failed to provide any indication of changed circumstances to Petitioner, his counsel, or any court. Additionally, this Court gained jurisdiction over the action upon Petitioner's initial filing while he was detained here, and the government's subsequent movement of Petitioner does not deprive the Court of jurisdiction. *See Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004) ("[W]hen the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release."); *Quinonez v. Olson*, 815 F.Supp.3d 764, 768 (N.D. Ill. 2025) ("This Court has jurisdiction over habeas petitions that were filed while the petitioner was present within its geographical boundaries, despite the subsequent transfer of the petitioner to another district.").

It also appears that Petitioner is likely to suffer imminent irreparable harm. The government's movements are indicative of an impending attempt to effectuate Petitioner's removal without respect to constitutional processes or court orders. Petitioner has a constitutionally protected interest in freedom from arbitrary detention and removal. *See Sanchez Alvarez v. Noem*, 807 F. Supp. 3d 777, 788 (W.D. Mich. 2025). Continued unlawful detention constitutes irreparable harm, as would unlawful removal.

The final factors, which merge with the government as the adverse party, *see Nken v. Holder*, 556 U.S. 418, 435 (2009), also favor Petitioner. There is no legitimate interest in the government flouting the Constitution or court orders. Petitioner seeks to restore the status quo from before he was re-detained. Because each factor favors Petitioner, and because he met the procedural requirements in Rule 65(b), Petitioner's motion will be granted.

## III.

Petitioner's request for a TRO (ECF No. 2) is **GRANTED.** Respondents shall immediately return Petitioner to the Calhoun County Correctional Facility. Respondents shall then immediately release Petitioner from custody subject to the conditions under which he was released from custody by the United States District Court for the Western District of Washington's order. (*See* ECF No. 1 at PageID.22-23). Respondents shall provide notice to the Court of compliance with this order upon the release of Petitioner from custody.

**IT IS SO ORDERED.**

Date:  May 1, 2026                                    /s/ Paul L. Maloney
                                                              Paul L. Maloney
                                                              United States District Judge

4