UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

VU LOC NGUYEN,

                Petitioner,

v.

MICHAEL FARMER et al.,

                Respondents.

_____/

Case No. 1:26-cv-1406

Honorable Paul L, Maloney

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a counseled combined petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, (Pet., ECF No. 1), and complaint for emergency injunctive and declaratory relief. (ECF No. 2.) For the following reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice as moot.

## **Discussion**

### I.    **Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, assume jurisdiction over this matter and issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to immediately release Petitioner under reasonable conditions of supervision. (Pet., ECF No. 1, PageID.11.) With his petition, Petitioner also filed an emergency motion for a temporary restraining order (TRO). (ECF No. 2.)

In an order entered on May 1, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should

not be granted. (Order, ECF No. 7.) In a separate order issued that same day, the Court granted Petitioner's TRO and ordered Respondents to immediately return Petitioner to the Calhoun County Correctional Facility. (Order Granting TRO, ECF No. 8.) The Court further ordered Respondents to immediately release Petitioner from custody subject to the conditions under which he was released from custody by the order of the United States District Court for the Western District of Washington. (*Id.*)

Respondents filed their combined response and status report on May 6, 2026, reporting that Petitioner was released from custody on May 6, 2026. (Resp., ECF No. 9, PageID.68.)

## II.     Factual Background

Petitioner is a native and citizen of Vietnam. (Pet., ECF No. 1, PageID.3.)

On February 26, 2026, the United States District Court for the Western District of Washington ordered the Department of Homeland Security (DHS) to release Petitioner from custody because there was no significant probability of his removal in the reasonably foreseeable future. (ECF No. 1-2 at PageID.30); *see Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). He was released subject to reasonable conditions of supervision. Additionally, the court ordered that he not be removed to any country other than Vietnam without prior written notice and a meaningful opportunity to respond in a removal proceeding before an immigration judge. (ECF No. 1-2 at PageID.30).

On April 28, 2026, ICE agents re-detained Petitioner in Michigan and confined him to the Calhoun County Correctional Facility. (Pet., ECF No. 1, PageID.2.) Petitioner filed his § 2241 petition and motion for a temporary restraining order on April 30, 2026. Later that day, Petitioner was transferred to a facility in Louisiana. (ECF No. 6, PageID.53.)

On May 6, 2026, after the Court entered the May 1, 2026, order granting Petitioner's TRO, Petitioner was released from custody. (Resp., ECF No. 9, PageID.68.)

### III.   Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas*, 533 U.S. at 687; *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

"Under Article III of the United States Constitution, federal courts have the power to adjudicate only 'Cases' and 'Controversies.'" *Cal. Palms Addiction Recovery Campus, Inc. v. United States*, 158 F.4th 726, 730 (6th Cir. 2025) (quoting *Mokdad v. Sessions*, 876 F.3d 167, 169 (6th Cir. 2017)). "Part of what Article III requires is that there be a *live* case or controversy— 'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome,' a case becomes moot." *Id.* (some internal quotations omitted) (citation omitted). "When the case-and-controversy requirement is not satisfied, federal courts lack subject-matter jurisdiction." *Id.* (citing *Mokdad*, 876 F.3d at 170.)

### IV.   Discussion

In Petitioner's § 2241 petition, as relief, Petitioner asks the Court to order Respondents to immediately release Petitioner under reasonable conditions of supervision. (Pet., ECF No. 1, PageID.11.) Given that Petitioner's request for relief has been accomplished, Petitioner's current § 2241 petition is now moot. Therefore, the Court will dismiss the action without prejudice as moot.

## **Conclusion**

For the reasons discussed above, the Court will enter a judgment dismissing Petitioner's

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice as moot.


Dated:   June 12, 2026                          /s/ Hala Y. Jarbou
                                                HALA Y. JARBOU
                                                For the Honorable Paul L. Maloney
                                                United States District Judge